MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MARIA DEL CARMEN AGUILERA MORA,
*individually and on behalf of others similarly*
*situated,*

       *Plaintiff,*

    -against-

CHINELUS CORP.  (D/B/A CHINELOS II)
and ALMA FELICIES,

       *Defendants.*
--------------------------------------------------------X

          **COMPLAINT**

         **COLLECTIVE ACTION UNDER**
          **29 U.S.C. § 216(b)**

          **ECF Case**

    Plaintiff Maria del Carmen Aguilera Mora ("Plaintiff Aguilera" or "Ms. Aguilera"),

individually and on behalf of others similarly situated, by and through her attorneys, Michael

Faillace & Associates, P.C., upon her knowledge and belief, and as against Chinelus Corp. (d/b/a

Chinelos II), ("Defendant Corporation") and Alma Felicies, ("Individual Defendant"),

(collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

    1.  Plaintiff Aguilera is a former employee of Defendants Chinelus Corp. (d/b/a Chinelos

II) and Alma Felicies.

    2.  Defendants own, operate, or control a Mexican Restaurant, located at 530 W 136th

St, New York, NY 10031 under the name "Chinelos II".

3.    Upon information and belief, individual Defendant Alma Felicies, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Aguilera was employed as a cook and waitress at the restaurant located at 530 W 136th St, New York, NY 10031.

5.    Plaintiff Aguilera was ostensibly employed as a waitress. However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to making juice, making salsa and working the cashier (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiff Aguilera worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Aguilera appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiff Aguilera wages on a timely basis.

9.    Defendants employed and accounted for Plaintiff Aguilera as a waitress in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Aguilera at the lowered tip-credited rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Aguilera's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Aguilera's actual duties in payroll records by designating her as a waitress instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Aguilera at the minimum wage rate and enabled them to pay her at the tip-credit rate.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Aguilera's and other tipped employees' tips and made unlawful deductions from Plaintiff Aguilera's and other tipped employees' wages.

14.     Defendants' conduct extended beyond Plaintiff Aguilera to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aguilera and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Aguilera now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Aguilera seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Aguilera's state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican Restaurant located in this district. Further, Plaintiff Aguilera was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.     Plaintiff Maria del Carmen Aguilera Mora ("Plaintiff Aguilera" or "Ms. Aguilera") is an adult individual residing in New York County, New York.

21.     Plaintiff Aguilera was employed by Defendants at Chinelos II from approximately 2012 until on or about March 16, 2020.

22.     Plaintiff Aguilera consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled a Mexican Restaurant, located at 530 W 136th St, New York, NY 10031 under the name "Chinelos II".

24.     Upon information and belief, Chinelus Corp. (d/b/a Chinelos II) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 530 W 136th St, New York, NY 10031.

25.     Defendant Alma Felicies is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alma Felicies is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alma Felicies possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Aguilera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

26.     Defendants operate a Mexican Restaurant located in the West Harlem section of Manhattan in New York City.

27.     Individual Defendant, Alma Felicies, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Aguilera's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Aguilera, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Aguilera (and all similarly situated employees) and are Plaintiff Aguilera's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Aguilera and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant Alma Felicies operates Defendant Corporation as either an alter ego of herself and/or failed to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed corporation,

f)  intermingling assets and debts of her own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff Aguilera's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Aguilera, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Aguilera's services.

34. In each year from 2016 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36. Plaintiff Aguilera is a former employee of Defendants who was employed as a cook and ostensibly as a waitress. However, she spent over 20% of each shift performing the non-tipped duties described above.

37. Plaintiff Aguilera seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria del Carmen Aguilera Mora*

38. Plaintiff Aguilera was employed by Defendants from approximately 2012 until on or about March 16, 2020.

39. Defendants employed Plaintiff Aguilera as a cook and ostensibly as a waitress.

40.     However, Plaintiff Aguilera was also required to spend a significant portion of her work day performing the non-tipped duties described above.

41.     Although Plaintiff Aguilera ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

42.     Plaintiff Aguilera regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Aguilera's work duties required neither discretion nor independent judgment.

44.     Throughout her employment with Defendants, Plaintiff Aguilera regularly worked in excess of 40 hours per week.

45.     From approximately August 2015 until on or about February 2019, Plaintiff Aguilera worked as a cook from approximately 9:00 a.m. until on or about 5:00 p.m. to 6:00 p.m., Sundays and Mondays and as a waitress from approximately 6:00 p.m. until on or about 4:00 a.m. to 5:00 a.m., Tuesdays through Thursdays (typically 46 to 51 hours per week).

46.     From approximately March 1, 2019 until on or about March 16, 2020, Plaintiff Aguilera worked as a cook from approximately 9:00 a.m. until on or about 6:00 p.m. to 7:00 p.m., on Sundays and as a waitress from approximately 11:00 a.m. until on or about 7:00 p.m. to 8:00 p.m., Mondays through Wednesdays (typically 33 to 37 hours per week).

47.     From approximately August 2015 until on or about October 2019, Defendants paid Plaintiff Aguilera her wages in cash.

48.     From approximately November 2019 until on or about March 16, 2020, Defendants paid Plaintiff Aguilera her wages by direct deposit.

49.     From approximately August 2015 until on or about December 2017, Defendants paid Plaintiff Aguilera $7.50 per hour.

50.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Aguilera $12.00 per hour.

51.     From approximately January 2019 until on or about March 16, 2020, Defendants paid Plaintiff Aguilera $13.50 per hour.

52.     Plaintiff Aguilera's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

53.     For example, Defendants required Plaintiff Aguilera to continue working an additional 1 hour past her scheduled departure time every day, and did not pay her for the additional time she worked.

54.     Defendants never granted Plaintiff Aguilera any breaks or meal periods of any kind.

55.     Nevertheless, Defendants deducted 30 minutes per day from Plaintiff Aguilera's weekly paycheck for meals she never ate.

56.     Plaintiff Aguilera was never notified by Defendants that her tips were being included as an offset for wages.

57.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Aguilera's wages.

58.     Defendants withheld a portion of Plaintiff Aguilera's tips; specifically, Defendants only paid Plaintiff Aguilera $30 to $60 in tips per day, but they would  deduct $360 per week as tip credit from her pay.

59.     Although Plaintiff Aguilera was required to keep track of her time, Defendants required her to record fewer hours than she actually worked. As a result, Plaintiff Aguilera was not compensated for all of the hours that she worked.

60.     Defendants took improper and illegal deductions from Plaintiff Aguilera's wages; specifically, Defendants deducted 30 minutes per day from Plaintiff Aguilera's daily pay for meal breaks she never took.

61.     On a number of occasions, Defendants required Plaintiff Aguilera to sign a document, the contents of which she was not allowed to review in detail.

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Aguilera regarding overtime and wages under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Aguilera an accurate statement of wages, as required by NYLL 195(3).

64.     In fact, Defendants adjusted Plaintiff Aguilera's paystubs so that they reflected inaccurate wages and hours worked.

65.     Defendants did not give any notice to Plaintiff Aguilera, in English and in Spanish (Plaintiff Aguilera's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.     Defendants required Plaintiff Aguilera to purchase "tools of the trade" with her own funds—including cleaning supplies.

*Defendants' General Employment Practices*

67.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aguilera (and all similarly situated employees) to work in excess of 40 hours

a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

68.     Plaintiff Aguilera was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

69.     Defendants' pay practices resulted in Plaintiff Aguilera not receiving payment for all her hours worked, and resulted in Plaintiff Aguilera's effective rate of pay falling below the required minimum wage rate.

70.     Defendants habitually required Plaintiff Aguilera to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

71.     Defendants required Plaintiff Aguilera and all other waitresses to perform general non-tipped tasks in addition to their primary duties as waitresses.

72.      Plaintiff Aguilera and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

73.     Plaintiff Aguilera's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

74.      Plaintiff Aguilera and all other tipped workers were paid at the lowered tip-credit rate by Defendants.

75.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Aguilera's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Aguilera and other tipped workers as tipped employees, and paid them at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Aguilera who received tips that Defendants intended to take a deduction against Plaintiff Aguilera's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Aguilera who received tips, that her tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Aguilera who worked as a waitress for the tips she received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Aguilera worked.

81.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Aguilera who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving waitress of a portion of the tips earned during the course of employment.

82.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

83.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

84.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

85.     On a number of occasions, Defendants required Plaintiff Aguilera to sign a document the contents of which she was not allowed to review in detail.

86.     Defendants paid Plaintiff Aguilera her wages in cash or by direct deposit.

87.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

88.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Aguilera (and similarly situated individuals) worked, and to avoid paying Plaintiff Aguilera properly for her full hours worked.

89.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

90.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Aguilera and other similarly situated former workers.

91.     Defendants failed to provide Plaintiff Aguilera and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants failed to provide Plaintiff Aguilera and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.     Plaintiff Aguilera brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

94.     At all relevant times, Plaintiff Aguilera and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

95.     The claims of Plaintiff Aguilera stated herein are similar to those of the other employees.

**<u>FIRST CAUSE OF ACTION</u>**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

96.     Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

97.     At all times relevant to this action, Defendants were Plaintiff Aguilera's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Aguilera (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

98.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

99.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100.     Defendants failed to pay Plaintiff Aguilera (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

101.     Defendants' failure to pay Plaintiff Aguilera (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

102.     Plaintiff Aguilera (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

103.     Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Aguilera (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.     Defendants' failure to pay Plaintiff Aguilera (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

106.     Plaintiff Aguilera (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

107.      Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

108.     At all times relevant to this action, Defendants were Plaintiff Aguilera's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Aguilera, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

109.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Aguilera less than the minimum wage.

110.    Defendants' failure to pay Plaintiff Aguilera the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

111.    Plaintiff Aguilera was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

112.    Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Aguilera overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

114.    Defendants' failure to pay Plaintiff Aguilera overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiff Aguilera was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

116.    Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants failed to provide Plaintiff Aguilera with a written notice, in English and in Spanish (Plaintiff Aguilera's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

118.    Defendants are liable to Plaintiff Aguilera in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

119.     Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

120.    With each payment of wages, Defendants failed to provide Plaintiff Aguilera with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

121.    Defendants are liable to Plaintiff Aguilera in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

122.     Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

123.     Defendants required Plaintiff Aguilera to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

124.     Plaintiff Aguilera was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

125.     Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

126.     At all relevant times, Defendants were Plaintiff Aguilera's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

127.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

128.     Defendants unlawfully misappropriated a portion of Plaintiff Aguilera's tips that were received from customers.

129.     Defendants knowingly and intentionally retained a portion of Plaintiff Aguilera's tips in violations of the NYLL and supporting Department of Labor Regulations.

130.     Plaintiff Aguilera was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

131.     Plaintiff Aguilera repeats and realleges all paragraphs above as though fully set forth herein.

132.     At all relevant times, Defendants were Plaintiff Aguilera's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

133.     Defendants made unlawful deductions from Plaintiff Aguilera's wages including, but not limited to, deductions for meal breaks  she never took.

134.     The deductions made from Plaintiff Aguilera's wages were not authorized or required by law.

135.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Aguilera's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

136.     Plaintiff Aguilera was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

137.     Plaintiff Aguilera repeats and realleges all paragraphs above as though set forth fully herein.

138.     Defendants did not pay Plaintiff Aguilera on a regular weekly basis, in violation of NYLL §191.

139.     Defendants are liable to Plaintiff Aguilera in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Aguilera respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Aguilera and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Aguilera and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Aguilera's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Aguilera and the FLSA Class members;

(f)     Awarding Plaintiff Aguilera and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Aguilera and the FLSA Class members liquidated damages in

an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

      (h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Aguilera;

      (i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Aguilera;

      (j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Aguilera;

      (k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Aguilera's compensation, hours, wages and any deductions or credits taken against wages;

      (l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Aguilera;

      (m)     Awarding Plaintiff Aguilera damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

      (n)     Awarding Plaintiff Aguilera damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

      (o)     Awarding Plaintiff Aguilera liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Aguilera and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Aguilera and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Aguilera demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 24, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 15, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Maria del Carmen Aguilera Mora
Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:            15 de julio

*Certified as a minority-owned business in the State of New York*