```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
MARIA DEL CARMEN AGUILERA MORA, on                               :
behalf of herself and others similarly situated,                 :
                                                                 :
                                                                 :      1:21-cv-07243-GHW
                                              Plaintiffs,        :
                       -against-                                 :         ORDER
                                                                 :
CHINELUS CORP. and ALMA FELICIES,                                :
                                                                 :
                                                                 :
                                             Defendants.         :
                                                                 :
---------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/27/2022

GREGORY H. WOODS, United States District Judge:

Earlier today, the Court issued an Order advising the parties of three ways to proceed. Dkt. No. 23. In light of the Second Circuit's decision today in *Samake v. Thunder Lube, Inc.*, et al., 21-102-cv (2d Cir. January 27, 2022), the Court is amending its previous Order. The parties are directed to follow the instructions laid out below.

The parties are directed to proceed in one of the three ways described below. The first alternative describes the process that the parties must follow if they wish to dismiss FLSA claims *with prejudice*. The second alternative describes a process that the parties may follow if they wish to dismiss FLSA claims *without prejudice* if there is no settlement of FLSA claims. The third alternative reminds the parties of their option to resolve this case through an offer of judgment under Federal Rule of Civil Procedure 68.

(1)  *Judicial Approval and Order of Dismissal of FLSA Claims with Prejudice under Rule 41(a)(2)*. In light of the decision of the Second Circuit Court of Appeals in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which held that the FLSA falls within the "applicable federal statute" exception to Federal Rule of Civil Procedure 41(a)(1)(A), the parties cannot dismiss claims arising under the FLSA *with prejudice* pursuant to Rule 41(a)(1)(A). The holding of *Cheeks* does not

apply to claims arising under any statute other than the FLSA. As a result, in order to dismiss an FLSA claim *with prejudice*, the parties must seek court approval of the proposed dismissal under Rule 41(a)(2). In order to seek such approval, the parties are directed to proceed as follows:

(a) First, the parties are ORDERED to discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before the assigned Magistrate Judge. If both parties consent to proceed before the Magistrate Judge, the parties must, no later than **February 10, 2022** file on ECF a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, a copy of which is attached to this order (and is also available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf). The executed form should be filed on ECF as a "Proposed Order," and be described using the "Consent Order" filing event in accordance with ECF Rule 13.18. If the Court approves that form, all further proceedings, including the evaluation of the proposed settlement, will then be conducted before the assigned Magistrate Judge rather than before me. Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be if the consent form were not signed and so ordered.

If either party does not consent to conducting all further proceedings before the assigned Magistrate Judge, the parties must file a joint letter, no later than **February 10, 2022**, advising the Court that the parties do not consent, **but without disclosing the identity of the party or parties who do not consent**. The parties are free to withhold consent without negative consequences.

(b) Second, if the parties do *not* consent to conduct all further proceedings before the assigned Magistrate Judge, they shall instead submit to the Court by **February 17, 2022** a joint motion via ECF setting forth their views as to why their settlement is fair and should be approved. The motion must address the considerations detailed in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and must include a copy of the settlement agreement itself, attached as an exhibit. *The parties are advised that the Court will not approve settlement agreements that contain a confidentiality provision,*

*and that the Court will not permit the parties to file any portion of any document related to the Court's evaluation of the proposed settlement under seal unless they have first made a particularized showing of the need for the relevant information to be sealed that rebuts the presumption of public access to judicial documents.*

If the settlement includes attorney's fees, the parties should also address the reasonableness of the fees to be awarded under the framework set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Plaintiffs' attorneys must also attach as an exhibit detailed attorney time records for the Court's review, as the Second Circuit "encourage[s] the practice of requiring documentation of hours as a 'cross check'" even in cases in which the fees awarded are a percentage of the total award. *Id.* (citation omitted).

(2)     *Stipulation of Dismissal Without Prejudice under Rule 41(a)(1)(A).* The court in *Cheeks* expressly reserved decision with respect to voluntary dismissals of FLSA claims without prejudice under Rule 41(a)(1)(A). However, in *Samake v. Thunder Lube, Inc., et al.*, 21-102-cv (2d Cir. January 27, 2022), the Second Circuit concluded that the Court must evaluate such dismissals to ensure that they do not obscure a settlement. As a result, the Court will accept a stipulation of dismissal under Rule 41(a)(1)(A), so long as (1) the parties' stipulation of dismissal dismisses claims arising under the FLSA *without prejudice* and (2) the parties certify that there has been no settlement of FLSA claims. If the parties are unable to certify that there has been no settlement of FLSA claims, they must request *Cheeks* review of the settlement, as described in paragraph (1) above. If the parties wish to resolve the case by a stipulation that dismisses FLSA claims *without prejudice* under Federal Rule of Civil Procedure 41(a)(1)(A), they are directed to submit such a stipulation and certification **February 10, 2022**. The executed stipulation should be filed on ECF as a "Proposed Order," and be described using the "Stipulation of Voluntary Dismissal" filing event in accordance with ECF Rule 13.18. The certification may be submitted in the form of a letter by counsel for the plaintiff(s) if the dismissal is proposed under Rule 41(a)(1)(A)(i), or by counsel for all parties if the dismissal is proposed under Rule 41(a)(1)(A)(ii).

(3)     *Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68.*  Federal Rule of Civil Procedure 68(a) provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment."  Fed. R. Civ. P. 68(a).  In *Mei Xing Yu v. Hasaki Restaurant, Inc.*, the Second Circuit held that judicial approval is not required for Rule 68(a) offers of judgment with respect to actions that raise claims under the FLSA.  944 F.3d 395, 414 (2d Cir. 2019).  If the parties wish to resolve the case by an offer and acceptance of judgment pursuant to Rule 68(a), they are directed to submit the executed offer and acceptance, together with a form of proposed order for the entry of judgment consistent with the terms of the offer and acceptance, by **February 10, 2022**.

SO ORDERED.

Dated:  January 27, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge